U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 7 2008

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERIC JAMES FUHS,<br>Petitioner, | §<br>§<br>§ |
| v. | §    Civil Action No. 4:07-CV-607-Y |
| | § |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Eric James Fuhs, TDCJ-CID #0614134, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the South Texas ISF facility in Houston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.  **PROCEDURAL HISTORY**

On December 13, 1991, pursuant to a plea bargain agreement, Fuhs pled guilty to theft of property of $750 or more but less than $20,000, a third-degree felony, in cause number 0460507W in the Criminal District Court Number One of Tarrant County, Texas, and true to an enhancement paragraph in the felony information alleging a prior 1990 felony theft offense. *Ex parte Fuhs*, Application No. WR-62,223-01, at 28-34. According to the plea agreement, the trial court assessed his punishment at eighteen years' imprisonment. Fuhs did not appeal his conviction or sentence.

On January 14, 1998, Fuhs was released from confinement on parole, but was subsequently returned to TDCJ custody on March 24, 2000. (Resp't Motion to Dismiss, Exhibit A) On May 24, 2000, Fuhs was again released on parole, but was returned to TDCJ custody on December 31, 2004. (*Id.*) Thereafter, he was released a third time on parole on April 13, 2006. (*Id.*) At the time this petition was filed, Fuhs indicates he was awaiting a revocation hearing. (*Id.*; Petition at 3)

Fuhs has filed four state applications for habeas corpus relief. He filed the first application on April 19, 2005, complaining of ineffective assistance of counsel during the plea proceedings and an illegal sentence, which was denied without written order by the Texas Court of Criminal Appeals on August 17, 2005. *Id.* at cover. Fuhs filed his second state habeas application on June 13, 2005, complaining that his sentence was illegal and the indictment was invalid or defective,[1] which was also denied without written order by the Texas Court of Criminal Appeals on August 17, 2005. *Ex parte Fuhs*, Application No. WR-62,223-02, at cover. His third application, again complaining of ineffective assistance of counsel, an illegal sentence, and an invalid or defective indictment, was

---

[1] Although Fuhs refers to an indictment in his state proceedings and in this action, it appears he was prosecuted under a felony information. *Id.* at 28.

dismissed as a subsequent application by the Texas Court of Criminal Appeal on March 2, 2006. *Ex parte Fuhs*, Application No. WR-62,223-03. His final state application, filed on July 19, 2007, raising the same or similar three claims in addition to a time-credit claim, was likewise dismissed as a subsequent application by the Texas Court of Criminal Appeals on August 1, 2007. *Ex parte Fuhs*, Application No. WR-62,223-04, at cover. Fuhs filed this petition on September 18, 2007. Quarterman has filed a motion to dismiss the petition on limitations grounds, to which Fuhs has filed a reply.

**D.    ISSUES**

In five grounds, Fuhs raises the following claims:

(1)    His conviction was obtained by the state's failure to divulge evidence favorable to the defense;
(2)    His trial counsel rendered ineffective assistance by failing to investigate the charges against him;
(3)    The indictment was invalid or defective;
(4)    His sentence is illegal; and
(5)    He is being denied time credits toward his sentence. (Petition 4-6)

**E.    STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Because Fuhs 1991 conviction and sentence became final prior to the effective date of the AEDPA, his federal petition for habeas relief raising grounds one through four was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Fuhs's state habeas applications filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Fuhs asserted a valid reason for his failure to file his petition in a timely manner. He asserts the evidence he now presents in favor of his claims–i.e., the police report, a pawn ticket, comparative prices of the stolen item, and Quarterman's exhibit A, are all newly discovered

because the evidence was not presented in the original plea proceedings. These items of evidence however are of the type that could have been discovered with due diligence before or during the 1991 plea proceedings. Further, although Fuhs states he has diligently and doggedly pursued postconviction relief, he has not demonstrated extraordinary circumstances or due diligence required for equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, Fuhs's petition, filed on September 18, 2007, it time-barred as to grounds one through four.

To the extent Fuhs challenges TDCJ's time computation of his sentence, the statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, *viz.*, the date on which Fuhs could have discovered, through the exercise of due diligence, the factual predicate of his claim. Fuhs began to seek administrative correction of TDCJ's calculation of his projected release date/maximum expiration date on April 25, 2005. (Resp't Motion to Dismiss, Exhibits A & B) Thus, assuming without deciding, at the latest Fuhs claim was discoverable and the one-year statute of limitations began to run on April 25, 2005, the limitations period expired on April 25, 2006, subject to any applicable tolling.[2] Fuhs is entitled to tolling during the pendency of the prison's administrative review process, or 207 days, making his federal petition due on or before November 18, 2006. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002). Fuhs's relevant state habeas application

---

[2]Fuhs produced time sheets reflecting that on January 3, 2005, he was credited with 9 years and 2 months of flat time, but, on June 29, 2005, he was credited with only seven years, three months, and fifteen days of flat time. This discrepancy is unexplained by the state, however, it is presumably due to TDCJ's denial of street time credits to Fuhs during the period(s) he spent on parole.

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 5 of 7**

filed on July 19, 2007, after the limitations period had already expired, did not operate to further extend the filing deadline for a federal petition. See 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor does it appear that equitable tolling would be appropriate as to this claim either. See *Davis*, 158 F.3d at 811. Fuhs does not assert any justification for his failure to timely pursue state or federal habeas review of his sentence calculation, and the record reveals none. Thus, Fuhs's petition, filed on September 5, 2007, is time-barred as to ground five.

## II. RECOMMENDATION

It is therefore recommended that Quarterman's motion to dismiss be GRANTED and that Fuhs's petition for writ of habeas corpus be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 28, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 28, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 7, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE